Bv the Court.
Under the 11th section of the act of April 26, 1873, “relating to juries” (70 Ohio L. 167), the facts shown in support of the motion for a new trial would have constituted good ground for challenging the juror; but no challenge was made. It is true, that the statute above named makes it the duty of the court, sua sponte, to inquire of the jury, as often as the panel is fflled, whether any of them have served as talesmen in the trial of any cause in any court of record, in the county within the preceding twelve months, and to qxcuse such as have, unless both parties of their own motion consent to their or his sitting. The inquiry, in this case, was properly made by the court, but no ground for excusing the juror was disclosed. It then became the duty of the defendant, if not content with the juror, to have interposed his challenge, the validity of which it would have been the duty of the court to try. The mere fact that the defendant was ignorant of this cause of challenge, can not avail him. By the use of reasonable diligence it might have been discovered, and it does not appear that any diligence whatever, on the part of the defendant, was employed in the matter. Reasonable diligence would at least have required the defendant to have put the juror upon his voir dire. It must be observed that the statute does not *557 make tlie juror incompetent to act as suck by reason of the cause of challenge named, nor can it be presumed, from the mere fact that the juror failed to respond to the inquiry by the court, that he was influenced by corrupt motives, or that the defendant did not receive at his hands a fair and impartial trial.

Motion overruled.